On the main appeal we reverse and remand; on the cross-appeal we affirm.

KONSTANTY DEROWSKI, PLAINTIFF-RESPONDENT, v. FRANK ZAREMBA, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 8, 1968—Decided April 11, 1968.

Before Judges GOLDMANN, KILKENNY and CARTON.

*Mr. James J. Casby, Jr.* argued the cause for appellant.

*Mr. Antonio F. Doganiero* argued the cause for respondent.

The opinion of the court was delivered
PER CURIAM. Plaintiff brought an action to recover compensatory and punitive damages by reason of defendant's assault and battery upon him. The proofs as to what happened

were at complete variance. The jury found in plaintiff's favor, awarding $2,500 compensatory and $2,500 punitive damages. Defendant's motion for a new trial on the grounds that the verdict was against the weight of the evidence and the result of mistake, partiality, prejudice or passion, was denied. Defendant appeals the resultant judgment as well as the denial of his motion.

Defendant again argues the same grounds as were advanced on his motion for a new trial. We will not disturb the verdict or the judgment entered theron. *Kulbacki v. Sobchinsky,* 38 *N. J.* 435, 444–445, 446 *et seq.*

During the cross-examination of defendant, plaintiff's attorney was permitted to inquire as to his assets despite timely objection by defense counsel. Defendant claims this constituted error. Plaintiff's proofs established a *prima facie* case of assault and battery which would justify an award of punitive damages. An inquiry into defendant's net worth was therefore relevant. Cross-examination of a party witness, on a matter so directly in issue and relevant, was properly permitted. See *Babirecki v. Virgil,* 97 *N. J. Eq.* 315, 320–321 (*E. & A.* 1925). Moreover, considerable latitude is ordinarily allowed in cross-examination of a party to a civil action who offers himself as a witness in his own behalf. The examination may take a wider range than would be permissible if the witness were not a party, even though the subject matter was not touched upon in direct examination. *Weiss v. Weiss,* 95 *N. J. L.* 125, 128 (*E. & A.* 1920), an action to recover damages for slander, where defendant was questioned as to his net worth on cross-examination.

We do not find the damages awarded to be excessive.

The judgment is affirmed.